case number 24 1657 the United States of America versus Derrick Bell Oral argument not to exceed 15 minutes per side. Mr. Amberg. You may proceed for the appellant Jim Amberg CGA counsel for Derrick Bell may please the court. I'm reserving five minutes for rebuttal I was the trial defense attorney as well as your honors can see this was a heavily litigated two month long Trial with a lot of twists and turns and my brief has a lot of issues in it However, I think that if it's okay with your honors, I wanted to talk about one issue in particular, which is the prior sentences of mr. Bell because as I sat here and read all the briefs and Then went back and read the sentencing transcript and all the different things that happened You know, I'm convinced that we all got it wrong down in the trial court And what I'm talking about is the scoring under 4a 1.2 When we did the sentencing I made arguments that these priors that mr. Bell has shouldn't count they're so old I made these arguments under Michigan law that that Michigan law was not even clear on whether these Prior sentences could even carry over because their statutory maximums had been served But under Michigan, I guess it's not really law, but under the Michigan Department of Corrections policies They would continue these sentences long after the maximums could be done We had a hearing on that on the last day of the sentencing and you can see the court talking about that there was a witness from MDOC they came in to testify and And I'll say this because the council for the government I very much respect the court is one of the most brilliant jurists you'll ever be in front of myself I'm very experienced as well. All three of us are very experienced federal trial lawyers and judges and Nobody saw this issue because as you can see nobody brings up the Hinojosa case Absolutely Presumption and what's what's wrong with the analysis that although these convictions are old the pretrial release They meant that he didn't get credit for his pretrial release time and that time that it's Extended his time on his murder charge. And so the only reason he had that additional time was because of these convictions Well, I went back and I wrote it down to make sure that I could really articulate what was going on here because I don't think we really did enough of that when we had the sentencing hearing and What happens is is that Mr. Bell is he has like a CCW case and he ends up getting sentenced to prison. He gets to like the parole sort of prison spot and he absconds and what happens is then he commits a murder and Gets put in jail for that The question is Do any of these prior cases Cause him to be in prison for this time period after the control date, which I think is January 1st of 2000 And the answer is no and here's why You can see from his sentencing in the murder case that he gets 17 years. He gets two years for the felony firearm That's a mandatory consecutive two in Michigan and then 15 for the murder itself. So that's 17 years. He's sentenced on August 29th of 1996 He's released 16 years 5 months and 7 days later on February 5th of 2013 So he doesn't do that full sentence Within that time period from sentencing to when he's released The only way at least from what I can gather that that can happen is because he actually was given credit for the murder case Itself prior to that and I tried to figure it out. It's very Convoluted because this was so long ago but what I think happens is that when he's arrested on the murder case, he's in what I assume to be the Wayne County Jail and Spends a considerable period of time there MDOC eventually picks him up for his CCW that he absconded on And so what happens is that I think that the trial court here in Wayne County Gives him credit for the time that he was in in Wayne County Then he does MDOC time and then that credit is put onto his murder sentence so but for these other Sentences, he's not in prison for the control date. The only reason why he's in there is because of the murder case and so Well that that's the problem because we went down that rabbit hole of you know, is this here we are I'm arguing houses Why didn't you raise all these arguments there Well, that's that's a great question. And I don't think any of us caught it I mean, obviously I made the argument with the idea that the sentences were impossible because they had already meet their statutory maximum Like, you know CCW you can only get a maximum of five years How could the CCW and I think 1993 be applicable to a control date seven years later? When he's done a statutory max on that. So are you now reconsidering whether he gets criminal history three? You've never challenged that are you challenging now? Well, and this is why I think I told mr. Coach this is I felt as though it might be a sort of an apology Argument because I'll say this as I as I read Hinojosa the first Hinojosa and I said to myself, you know I can't believe that we did not catch that when we were down there because It really mimics what happened here. You had an MDOC Representative come in and testify about priors and It sounds like an incredible story I want to hear it. What's the answer? Are you challenging three or not challenging three?  Correct my challenge is that the prior criminal history he should have a total of four points and That I think we need to send this back down to conduct the hearing based on Hinojosa So the trial court can make a ruling based on what your honors did in Hinojosa one And that would give us a better idea of whether number one he would have either the four points or the 16 points for criminal history and If it's only the four points, I don't think he's a career offender at that point. And so Well, I disagree because I don't think it's harmless error this is a Government's position was There's an either-or option for the Court of Appeals the either-or option is if you find that he's Criminalist three not a career offender and also find that all the enhancements that he received For his conduct Existed then it would have been the same guidelines And I understand that argument but I disagree with that because we don't know what the district court would have done we just don't know because the district court operated under the premise that the Criminal history is far higher than what I think it ends up being and not only that but that mr Bell was a career offender, which if I'm correct here, he's not and so it's not harmless error We have to let the district court make this decision I mean they sat in the best position to decide what to give. Mr Bell and for all we know the district court might have hung their hat a Little bit below guidelines. Yeah 330 instead of 360. I want to say I Think we have to hear I think we have to Well, so what I'm I'm citing there's two cases it's the same defendant Hinojosa and The first one comes out I think in 2023 and the issue is very similar to this issue, which is that there was a challenge to the criminal history scoring for these old Michigan convictions and then Hinojosa too is The sequel to that and basically what happens is it was determined after it went down that this Hinojosa's prior conviction What like but for the reason why he did this time within the control date was because of that prior conviction Here is a different story because it's not but for because Mr. Bell is It's not but for these other priors that he had from years before that he's sitting in jail and in 2000 it's because of the murder case and so it makes a major difference because you go from 16 criminal history points down to four you get three for the murder and then he had a subsequent Possession of cocaine or something and that would be another point. So it also I think under 4b 1.2 I could be wrong on that. Don't quote me, but I think that that would then make him not a career offender Your harmless error argument is in effect If the district court had recognized that he was not a career offender Even though his guidelines range would have been the same without that designation The district court might have exercised its discretion to vary more downward. Sure because Yes, yes, and here's what I don't but Oh But we don't know what the all I could say is this when and to answer both your honors questions They're all three honors questions. I Do a lot of federal sentencing's, you know Clearly, I'm constantly my life is spent here in this courthouse and trial all the time and I do Sentencings all the time and I'll tell you I did a trial here right at the end of last year is great But uh When a judge makes a ruling on a sentence and decides a sentence, you know, they go through everything They go through the guidelines. They go through the the history of the person they go through all these things and what I'll say is because of that because the the judge, you know in this case is looking at the fact that At least they have found that this gentleman is a career offender and that the criminal history Guidelines are through the roof or the the points are through the roof that could make a major difference because my argument was always that The these priors were so old you can't really look at him anyways And it's not fair and I that was not I was ruled down on that one So I think that we have to know you you give it to the court. Maybe the judge does the same thing I don't know but this is when you have all these factors coming in there. That's a major factor Hey, this guy is not a career offender anymore I could see the judge going lower because of that and and it's not harmless because we don't know because Sentencing is so individualized to the judge to that. I don't know how you could ever have a harmless error in a situation like this Okay, thank you Good morning. Good morning, Your Honor and may it please the court Ben Coates for the United States Focused on one thing. Let's focus on one thing. Yes, Your Honor So there are three different paths for affirming the district courts Criminal decision on criminal history and the court has touched on two of them already The first is the harmless error analysis that is an excellent path to take because None of the changes that the defendant is arguing for with respect to his criminal history would change the bottom line The guidelines range was 360 to life that is the operative range that the court used at sentencing that would still be the range if he was at criminal history category 3 and At least That's correct, Your Honor and He would have four points based on the murder conviction, which is three points and a 2015 conviction, which is one additional If it had not designated him as a career offender Your Honor, I would respond to that. I think factually and legally first. Let me say legally first There's just no support for that in the law The this circuit's law is that guideline calculation errors that do not affect the guideline range are harmless Period that's the that is the law of the circuit Factually, this is not a case where the where the district court Left us in the dark about its sentencing Decision there is an extensive explanation for why the court did what it did why it imposed a sentence actually two years below the bottom of the guidelines range and Specifically the court talked about the import of these sentences This note this is this isn't a calculation error where the defendant is saying I didn't commit these crimes Or this these facts about the crimes are wrong The crimes matter to the sentence in the same way whether they score or don't score I would audition a third theory, which is the whole premise of post booker is not to Push too much emphasis on whatever the guidelines say so they call something career offender The last thing judges are supposed to do is whether that labels accurate or not Let that have it drive their discretion. That's exactly what they're not supposed to do I would almost call it reversible air to let that drive a sentencing either going up or going down Yes, your honor. I think that's a fair point And I if we look at the sentencing transcripts or three sentencing transcripts with hundreds of pages The idea of career offender is in play for I think one paragraph on one page of those transcripts It's an afterthought in this sentencing the designation of whether he's a career offender or not a career offender Doesn't drive the criminal history score at sentencing doesn't drive the offense level at sentencing There's no reason to believe that that designation played any role whatsoever in The sentence the decision that the district court made in this case What do you do with the new factual argument? I know in your your brief you suggested it was Just kind of undisputed that these older offenses led to his denial of pre pre custody credit now he seems to be Different on the other side seems to be taking issue with that and I think it's fair to say that district court didn't make a Factual finding about it. So what I don't think we are fact finders. So what should we do? That's correct. Your honor that this is an argument that we're hearing for the first time today So I don't have an answer for why it is that there are only 16 and a half years between the sentencing in August of 1996 and The release from custody on February of 2013 we can observe though that he was in custody these are undisputed facts from the sentencing from the pre-sentence report that he was in custody in November of 1994 and released from custody in February of 2013 so there is not support in the record for the notion that he received credit For the pre-sentence custody against the murder sentence There just isn't support for that in the record that this court has What this court is presented with are facts that are the same as the facts that the court was presented with in the second Hinojosa decision which is that there was this a period of time spent in pre-sentence custody and then there was an imposition of a sentence and service of that sentence into the look-back period Talking about which is in that case there was one prior conviction So you clearly call it the but-for cause Ironically he has more than one so he has two so neither of which would be the but-for cause so what do we do there? Your honor the Hinojosa Yes, your honor the the court did reserve in the Hinojosa in the second opinion whether or not there was an independent cause exception To the but-for test we would submit that That a defendant should not receive the credit for committing additional crimes and also note that the guideline itself is phrased in terms of inclusion It is about counting Sentences it's not a rule of exclusion its rule of inclusion So the to the extent that we're trying to interpret the guidelines language interpreting it in a more expansive way Makes some sense That was those are two of the arguments I guess for affirmance I'll touch briefly on the other one, which is that as a factual matter the district court here found that Bell was serving all of those sentences in the look-back period. That's a factual finding the Bell did invite the court to make a legal finding based on state law But the district court did not take that Invitation with the district court kept its eye on the ball and focused on the guidelines the appropriate guideline here in the sentencing transcript for the third sentencing hearing record 1124 at page 124 1 0 the district court specifically cites the 4a 1.2 e 1 and the operative language the resulted in language and then found as a result of The testimony that the district court heard from the MDOC time special time calculation specialist That is the person whose job it is to know what sentence a person is serving at a particular time Based on that testimony, which was not meaningfully challenged The court found as a matter of fact that Bell was serving all of those sentences in the look-back period That's an independent basis for affirming the district court In addition to the pre-sentence custody argument and the harmless error argument Unless there are further questions from the court. We'd ask to refer. Thank you very much Definitely not trying to incentivize crime. I Just I just want to make sure I'm capturing this fairly but also accurately You know career fender I get the point that that label but I'm just trying to think with that also apply if there was a 2 criminal history, but this everything else is the same. They're making an harmless error argument and Would you really be entitled to resentencing because it was the judge was gonna be so revved up, you know After all he got to category three And if he'd been category two, I would have this instinct towards leniency that I'm just to be fair I feel like that seems implausible to me. I Would beg to differ. I think that everything sure sure it's Even The most minute of issues in sentencing could make a major difference in what somebody gets post booker world Judge don't let the title or guidelines drive anything. The whole point is this is a human being They're unique. The whole situation is unique. It seems so funny To go back to saying. Oh, I guess I'm gonna give him a long sentence because he was a career offender I thought that was the whole post booker world Well, I statutory requirements you were supposed to ignore this stuff and think fresh about it Well, I agree and in a perfect world We shouldn't even have the sentencing guidelines at all but the first thing at every sentencing that you do here in this building is Let's talk about the guidelines first because I have to consider them before I do anything else I mean, that's how it starts So yes, I agree the booker tells us a sentence should be individualized and we should be looking beyond the guidelines But make no mistake the guidelines drive all of these sentences They truly do and if the court I would love it if the court said hey, you know what? We shouldn't look at career offender The guidelines are going to get to the same place. So we're done with that inquiry And now you're saying even though it gets to the same place this inaccurate Categorization is gonna mess up the judge's independent, you know booker review. Sure. It would here Yeah, because you took I mean you you say that hey, hey, mr. Bell. You are a career offender Versus hey, mr. Bell. You're a category three or whatever. It is criminal history That's a major difference in the way you would think about that person It truly is and I'm not I say that having handled I don't even know how many sentencings here and it's true it's not harmless because none of this can be harmless here because Unless you're sitting there in the seat making that decision. All these factors are at play So I would say that when we look at this case, it should go back down to be to figure this out under Hinojosa because There's a lot I could talk all day about how the Michigan MDOC calculation is incorrect. It's never been challenged in Michigan because You never would because it you always have controlling sentence So you who cares about the priors but in federal court makes a huge difference on your criminal history I believe that that the way that the MDOC agent calculated the the scoring of these cases was completely wrong like you cannot in the 80s get in trouble for something and still be that has like A five-year maximum that you can get and still have that tail on that sentence be 30 years later It just makes no logical sense. And that was my argument to judge Goldsmith and it's my argument here again today, too Because none of that makes sense I think that has to come back down judge Goldsmith has to look at this and say is does this CCW Case is that the but-for reason why mr. Bell was sitting in in jail in 2000 and the answer is no because Clearly from what I could see here and from the limited facts that I can gather It was because of the second-degree murder only and we just don't know enough about it I apologize for that because I think in hindsight, of course, we would have loved to have litigated that you know That's on I guess on me I'll take responsibility for that But at the end of the day what's right is right and I think that we need to make sure that we get this, right? I mean it was a very significant case, you know, two months of our lives hundreds of motions Millions of exhibits. I mean you name it. We did it. So with the rest of this stuff here You know, I mean, I would just ask your honor send it down. We'll see what judge Goldsmith says Maybe we don't even come back here on who knows. Thanks judges. Nice to see y'all Arguments and as always for answering our questions for which we're really grateful and mr. Amberg, I see your corner pointed counsel and Mr. Bell is very fortunate to have such a great lawyer working for him So thank you for your service to him and to the court system The case will be submitted and the clerk may call the third case